IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARTEL FAMILY REALTY, LLC<br>9435 Waterstone Boulevard, Suite 140<br>Cincinnati, OH 45249 | ) ) ) | CASE NO.: |
| | ) | JUDGE: |
| and | ) ) | |
| | ) | **COMPLAINT** |
| MFR 5, LLC<br>9435 Waterstone Boulevard, Suite 140<br>Cincinnati Ohio, 45249 | ) ) ) ) | (Jury Demand Endorsed Hereon) |
| and | ) ) | |
| ANTOINE MARTEL<br>14128 Emery Ave.<br>Cleveland, OH 44135 | ) ) ) ) | |
| and | ) ) | |
| ERIC MARTEL<br>215 SE 8th Ave, PH2<br>Fort Lauderdale, FL 33301 | ) ) ) ) | |
| and | ) ) | |
| MARTELFUND, LLC<br>1887 Whitney Mesa Dr. Suite 9656<br>Henderson, NV 94070 | ) ) ) ) | |
| and | ) ) | |
| MARTEL ENTERPRISES, INC<br>215 SE 8th Ave, PH2<br>Fort Lauderdale, FL 33301 | ) ) ) ) | |
| and | ) ) | |
| MARTEL ENDOWMENT FUND, LLC<br>1887 Whitney Mesa Dr. Suite 9656<br>Henderson, NV 89014 | ) ) ) ) | |
| and | ) ) | |

| | |
|---|---|
| MARTELREALESTATE LLC | ) |
| 1887 Whitney Mesa Dr. Suite 9656 | ) |
| Henderson, NV 89014 | ) |
| | ) |
| and | ) |
| | ) |
| MARTEL MENTORSHIP LLC | ) |
| 30 N. Gould Street, Suite R | ) |
| Sheridan, WY 82801 | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| RAJEEV BHATIA | ) |
| 57 Terrain Ct | ) |
| East Gwillimbury, Ontario, Canada L9N 0T2 | ) |
| | ) |
| and | ) |
| | ) |
| SAPNA BHATIA | ) |
| 889 Francisco Street, Unit 706 | ) |
| Los Angeles, CA 90017 | ) |
| | ) |
| Defendants. | ) |

Plaintiffs Martel Family Realty, LLC, Antoine Martel, Eric Martel, MartelFund, LLC, Martel Enterprises, Inc., Martel Endowment Fund, LLC, MFR 5, LLC, MartelRealEstate, LLC and Martel Mentorship, LLC (the "Plaintiffs") for their Complaint against Defendants Rajeev Bhatia and Sapna Bhatia, (the "Defendants") state as follows:

INTRODUCTION

1.  Rajeev and Sapna Bhatia are engaged in a campaign of harassment, theft and defamation against Antoine Martel, his father Eric Martel, and their companies in retaliation for Antoine Martel's relationship with Soma Chhaya Bhatia the now-estranged daughter of Rajeev and Sapna Bhatia.

2

2. One of Antoine and Eric's business ventures involves investing in rental properties in Cleveland, Ohio, among other places. Defendants are attempting to take control of the various properties by falsifying the business registrations of the entities that hold title to the properties. Defendants mistakenly believe that their residency in Canada makes them immune to any consequences for their misconduct.

## PARTIES

3. Martel Family Realty, LLC is a limited liability company formed under the laws of the state of Nevada and licensed to transact business in the State of Ohio.

4. MFR 5, LLC is a limited liability company formed under the laws of the state of Wyoming and licensed to transact business in the State of Ohio. MFR 5, LLC owns real property in Cuyahoga County, Ohio.

5. Antoine Martel is a natural person residing in Florida and who owns real property in Cuyahoga County, Ohio.

6. Martel Fund, LLC is a limited liability company organized under the laws of the state of Wyoming.

7. Martel Enterprises, Inc. is a corporation organized under the laws of the state of Wyoming.

8. Martel Endowment Fund, LLC is a limited liability company organized under the laws of the state of Wyoming.

9. MartelRealEstate, LLC is a limited liability company organized under the laws of the state of Wyoming.

10. Martel Mentorship, LLC is a limited liability company organized under the laws of the state of Wyoming.

11. Eric Martel is a natural person residing in Florida.

12. Antoine and Eric Martel are members and/or shareholders of Martel Family Realty, LLC, MartelFund, LLC, Martel Enterprises, Inc. Martel Endowment Fund, LLC, MFR 5, LLC, MartelRealEstate, LLC and Martel Mentorship, LLC.

13. Rajeev Bhatia is a natural person residing in Ontario, Canada.

14. Sapna Bhatia is a natural person residing in Ontario, Canada.

## JURISDICITON AND VENUE

15. This Court has diversity jurisdiction over the parties and this matter pursuant to 28 U.S.C. 1332 because the amounts in controversy exceed $75,000, and there is complete diversity of citizenship between the Plaintiffs and the Defendants.

16. Defendants Rajeev Bhatia and Sapna Bhatia reside in Ontario, Canada and also own property is California.

17. Plaintiffs' principal place of business is Cuyahoga County, Ohio.

18. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(2) because this is the judicial district in which a substantial part of the events giving rise to the claim occurred and where a substantial part of the property that is the subject of the action is situated.

19. Defendants are subject to personal jurisdiction in Ohio, and under the long arm statute, because they caused tortious injury in the State of Ohio and within the jurisdictional limits of the Northern District of Ohio, Eastern Division. Defendants also transacted business in Ohio, including but not limited to such acts as hiring an Ohio lawyer to prepare a false and fraudulent transfer deed for real property located in Cuyahoga County, Ohio.

BACKGROUND

20. Non-party Soma Chhaya Bhatia ("Soma") is an actress and musician known for her regular role on the show Degrassi and her supporting lead role in the Oscar nominated film The Breadwinner, produced by Angelina Jolie, among many other noteworthy film and television projects.

21. Defendants are Soma's now-estranged parents.

22. Defendants are jealous of Soma's success and also do not approve of Soma and Antoine Martel's relationship.

23. Defendants have engaged in significant fraud attempting to steal Soma's assets, including but not limited to, her real property located in Cuyahoga County, Ohio. Sapna retained a local attorney to prepare a fraudulent transfer deed converting Soma's real property.

24. A lawsuit was filed by Soma against Sapna Bhatia on January 26, 2023 in the Court of Common Pleas of Cuyahoga County, Ohio, Case No. CV 23 974328. On February 9, 2023, a preliminary injunction was granted in Soma's favor against Sapna Bhatia.

25. Antoine Martel and his father Eric Martel own several businesses including a real estate investing businesses which own rental properties in Cleveland, Ohio, Memphis, Tennessee, St. Louis, Missouri, and Detroit, Michigan.

26. Defendants have engaged in a campaign of fraud and harassment designed to maliciously harm Antoine, Eric, their family, and their businesses.

27. Defendants' misconduct is motivated primarily by malice due to their jealousy of their daughter and hatred of the Martel family, and secondarily by a desire to enrich themselves at Plaintiffs' expense.

28. Defendants will no doubt try to transfer Plaintiff's real estate into their own names just as they have done with Soma's

## FRAUDULENT CORPORATE REGISTRATION FORMS

29. Defendants continuously file false and fraudulent forms with various secretary of state offices around the country to alter the corporate registration of the entity Plaintiffs.

30. Because the various secretary of state offices have little to no verification procedures, Defendants are free to file whatever forms they like altering the registration of entities that they have no interest in or control over.

31. Defendants' false corporate registration filings are designed to 1) harass Antoine and Eric and 2) allow Defendants to pose as officers or owners of the entities to execute quit-claim claims deeds transferring property owned by the entities to Defendants.

32. For example, MFR 5, LLC owns sixteen separate properties in Cuyahoga County, Ohio. Defendants have filed forms with the secretary of state's office changing the mailing address, email, and registered agent for the company so that correspondence and notifications related to the MFR 5, LLC will not be received by Plaintiffs. Once that step is complete, Defendants are free to change the entities' ownership and transfer the entities assets without notice being sent to Plaintiffs.

33. Defendants falsify Eric and Antoine's signatures on the documents they file or falsify the names of other individuals.

34. Defendants have already been able to successfully utilize this unlawful scheme of fraudulently registering entities in their name and then quit-claiming properties to gain control of properties owned by Soma's companies.

6

35. Attached hereto as Exhibit 1 are copies of some of the fraudulent corporate registration documents filed by Defendants.

36. Some of the registrations have been rejected by the secretary of state offices.

37. In some cases, Defendants have not even bothered to plausibly fill out the documents. For example, signing documents as "Refrsh" or not even bothering to sign the documents.

38. In other cases, Defendants have tried to register companies that have been dissolved and are no longer in operation. Defendants have not tried to register the dissolved trade name. Instead, Defendants impersonate the Eric and Antoine acting as though they were filing new registration documents for their dissolved company.

39. The secretary of state offices nevertheless processes, stamps, and files these documents updating their respective computer databases to reflect the new information.

40. As of the date of filing this Complaint, these fraudulent corporate registration filings continue to roll in with two new ones received on the date of filing.

## TAX FRAUD CLAIM

41. Defendants have filed false and defamatory claims that Plaintiffs have failed to pay taxes in New Jersey, and upon information or belief, the same claims have been made in other states such as California.

42. Plaintiffs received a letter from investigator Jennifer Ivory of the New Jersey Department of Taxation claiming that Plaintiffs failed to pay taxes in New Jersey.

43. The letter and its contents are attached hereto as Exhibit 2.

44. Plaintiffs do not do any business in New Jersey and do not owe any New Jersey taxes.

7

45. Investigator Ivory was contacted about her correspondence. She requested information about Plaintiffs' companies before she would discuss the matter. Once she received the requested information, she immediately became irate, shouted, and hung up the phone. A subsequent attempt to contact her via telephone resulted in further shouting and another abrupt hang up.

46. Investigator Ivory has not responded to correspondence or contacted Plaintiffs again as of the filing of this Complaint.

47. Upon information or belief, Defendants contacted the New Jersey Department of Taxation and claimed that Plaintiffs were doing business in New Jersey without paying taxes, which caused the letter to be sent by investigator Ivory.

48. Upon information or belief, investigator Ivory of the New Jersey Depart of Taxation is a friend or acquaintance of Defendants and is assisting Defendants in their scheme of harassment.

49. Plaintiffs cannot account for investigator Ivory's unprovoked anger and severely defensive demeanor. It is not logical for a state taxation investigator to refuse to provide information concerning her investigation, and to shout at the targets of an investigation before hanging up on them. Again, this conduct was completely unprovoked.

50. Plaintiff's investigation of this matter is still ongoing with respect to investigator Ivory's role.

## FAKE LETTERS

51. Defendants have sent a number of childish harassing letters to Antoine, Eric and their family.

52. Some of these letters are attached hereto as Exhibit 3.

8

53. For example, Defendants sent an anonymous letter to Antoine's brother Etienne which states, "[b]e very very careful. Your brother is <u>stealing</u> money from you. Ask him to show you his individual tax returns for the last few years. He is taking <u>much more</u> than his 'fair share'" (emphasis in original).

54. Other letters accuse various family members of stealing from each other and utilize various font sizes to emphasis the point.

55. In another example, Defendants circulated correspondence related to Antoine's personal earnings in an attempt to embarrass him.

56. These amateurish attempts at harassment are meant to cause fights and mistrust between the various members of the Martel family. This is yet another part of Defendants' vendetta against Plaintiffs.

DEFAMATION ONLINE

57. Defendants continuously post false and defamatory statements concerning Plaintiffs on various forums online.

58. Defendants continuously create various fake accounts posing as employees of the Plaintiffs or members of the Martel family on online social media sites and sites such as Youtube.

59. Defendants utilize these fake profiles to make derogatory comments and unfounded accusations about Plaintiffs.

60. For example, Defendants will post that Plaintiffs' business is fraudulent.

61. Defendants have chosen to use the name and likeness of a former employee of Plaintiffs for false and defamatory online posts.

9

62. Defendants use a publicly available image of the former employee and his name when signing up for accounts and then pose as the former employee when making defamatory comments.

63. Defendants also create fake email accounts in order to send fraudulent business inquiries to Plaintiffs seeking to waste Plaintiffs' time.

64. Defendants have caused Plaintiffs to incur significant costs dealing with these various forms of harassments in addition to the damage that has been caused to Plaintiffs' goodwill and reputation.

65. Defendants campaign of harassment and fraud is willful, wanton, and reckless.

66. Defendants are seeking to harm Plaintiffs purely out of spite and malice.

67. Defendants are seeking to steal from Plaintiff in order to enrich themselves but also out of the same desire to harm Plaintiffs.

68. Defendants' misconduct is motivated by hatred, ill-will, and a spirit of revenge.

## COUNT I – FRAUD

69. Plaintiffs hereby incorporate each and every preceding paragraph as if fully restated herein.

70. Defendants made a number of material misrepresentations shown on the attached Exhibits 1-3.

71. Defendants made each misrepresentation knowingly, with knowledge of its falsity or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred.

72. Defendants intended that Plaintiffs would rely upon the misrepresentations.

73. Plaintiffs justifiable relied upon the misrepresentations.

74. Plaintiffs suffered damages as a result of Defendants' fraud.

## COUNT II – CONVERSION

75. Plaintiffs hereby incorporate each and every preceding paragraph as if fully restated herein.

76. Plaintiffs have an ownership of or right to possession of membership units, shares, and real property.

77. Defendants have converted Plaintiffs' ownership by wrongful acts or dispositions, including but not limited to, filing false and fraudulent corporate registration documents.

78. Plaintiffs have suffered damages as a result of Defendants' conversion.

## COUNT III – TRESSPASS TO CHATTELS

79. Plaintiffs hereby incorporate each and every preceding paragraph as if fully restated herein.

80. Defendants dispossessed Plaintiffs of their chattel by impairing its condition, quality, or value.

81. Defendants deprived Plaintiffs of the use of their chattel for a substantial time.

82. Defendants caused harm to items in which Plaintiffs have a legally protected interest.

83. Defendants caused harm to and/or obtained possession of chattel through fraud.

84. Plaintiffs have suffered damage due to Defendants' trespass to chattels.

## COUNT IV – ABUSE OF PROCESS

85. Plaintiffs hereby incorporate each and every preceding paragraph as if fully restated herein.

86. Defendants filed a knowingly false claim that Plaintiffs were not paying taxes.

87. Defendants caused a legal proceeding to be set in motion.

88. The purpose of that proceeding was to attempt to accomplish an ulterior motive for which it was not designed specifically to harass Plaintiffs.

89. Likewise, Defendants have filed knowingly false forms with the secretary of state causing a legal act to be taken by a state authority to alter business entities.

90. The purpose of which was to accomplish ulterior motives for which the process was not designed.

91. Plaintiffs have suffered damages due to Defendants' abuse of process.

## COUNT V – MALICIOUS PROSECUTION

92. Plaintiffs hereby incorporate each and every preceding paragraph as if fully restated herein.

93. Defendants instituted and continue to prosecute a knowingly false tax fraud allegation against Plaintiffs.

94. Defendants' conduct was undertaken without probable cause.

95. The prosecution of the matter has been determined in favor of Plaintiffs.

96. Plaintiffs have suffered damage due to Defendants' malicious prosecution.

## COUNT VI – INTERFERENCE WITH CONTRACT

97. Plaintiffs hereby incorporate each and every preceding paragraph as if fully restated herein.

98. Plaintiffs have entered into many contracts with each other and with certain non-parties.

99. Defendants have knowledge of these contracts.

100. Defendants have intentionally procured or attempted to procure the breach of these contracts without justification.

101. Plaintiffs have suffered damages due to Defendants' interference with contracts.

### COUNT VII – INTERFERENCE WITH BUSINESS RELATIONSHIPS

102. Plaintiffs hereby incorporate each and every preceding paragraph as if fully restated herein.

103. Plaintiffs have a number of valuable business relationships among themselves and also with non-parties.

104. Defendants have knowledge of these business relationships.

105. Defendants have intentionally procured or attempted to procure the breach of these business relationships without justification.

106. Plaintiffs have suffered damages due to Defendants' interference with business relationships.

### COUNT VIII – DEFAMATION

107. Plaintiffs hereby incorporate each and every preceding paragraph as if fully restated herein.

108. Defendants have made a number of public false statements about the Plaintiffs, including but not limited to, those contained in Exhibit 1-3.

109. These statements have been published to third parties by virtue of the fact that they were all posted online in publicly available locations.

110. Most of these defamatory statements are *per se* defamatory in nature.

111. The statements were made knowingly, intentionally, and without privilege to do so by Defendants.

112. Plaintiffs have suffered damages due to Defendants' defamation.

## COUNT IX – DECEPTIVE TRADE PRACTICES

113. Plaintiffs hereby incorporate each and every preceding paragraph as if fully restated herein.

114. Plaintiffs have several marks used in connection with trade.

115. Defendants have engaged in deceptive trade practices in violation of R.C. 4165.02 by passing off Plaintiffs' business as their own, causing likelihood of confusion or misunderstanding concerning Plaintiffs business, and using deceptive representations or designations of geographic origin in connection with Plaintiffs' business.

116. Defendants have disparaged Plaintiffs business by a false representation.

117. Plaintiffs have suffered damages due to Defendants' deceptive trade practices.

## COUNT X – CONSPIRACY

118. Plaintiffs hereby incorporate each and every preceding paragraph as if fully restated herein.

119. Defendants are engaged in a conspiracy to harm Plaintiffs and to enrich themselves at Plaintiffs' expense.

120. Defendants are a malicious combination of two persons.

121. Defendants caused injury to person and property.

122. Defendants engaged in unlawful acts independent from the actual conspiracy.

123. Plaintiffs suffered damages due to Defendants' conspiracy.

PRAYER FOR RELIEF

Plaintiffs pray for judgment jointly and severally against Defendants as follows:

I. As to Count I, an award of damages in an amount to be determined at trial, but in excess of $25,000 for Fraud;

II. As to Count II, an award of damages in an amount to be determined at trial, but in excess of $25,000 for Conversion;

III. As to Count III, an award of damages in an amount to be determined at trial, but in excess of $25,000 for Trespass to Chattels;

IV. As to Count IV, an award of damages in an amount to be determined at trial, but in excess of $25,000 for Abuse of Process;

V. As to Count V, an award of damages in an amount to be determined at trial, but in excess of $25,000 for Malicious Prosecution;

VI. As to Count VI, an award of damages in an amount to be determined at trial, but in excess of $25,000 for Interference with Contract;

VII. As to Count VII, an award of damages in an amount to be determined at trial, but in excess of $25,000 for Interference with Business Relationship;

VIII. As to Count VIII, an award of damages in an amount to be determined at trial, but in excess of $25,000 for Defamation;

IX. As to Count IX, an award of damages in an amount to be determined at trial, but in excess of $25,000 and for an order temporarily, preliminary and permanently enjoining Defendants and their agents servants, and any and all parties acting in concert with any of them from:

    a. Using Plaintiffs' Marks or a similar variation thereof,

    b. Using Marks that imitates or is confusingly similar,

15

      c. Engaging in deceptive practices or false designation or origin, or other activities that misappropriate Plaintiffs' rights,

X. As to Count XI, an award of damages in an amount to be determined at trial, but in excess of $25,000;

XI. On all Counts, an award of punitive damages, attorneys fees, costs in bringing this action, pre and post-judgment interest, and such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury Pursuant to Fed. R. Civ. P. 38.

_____
ANDREW J. YARGER (0086919)

Respectfully submitted,

DINN, HOCHMAN & POTTER, LLC

_____
ANDREW J. YARGER (0086919)
6105 Parkland Boulevard, Suite 100
Cleveland, Ohio 44124
T (440) 446-1100
F (440) 446-1240
ayarger@dhplaw.com